a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARL WAYNE STEWART, Plaintiff | CIVIL ACTION NO. 1:16-CV-1285-P |
| VERSUS | CHIEF JUDGE DRELL |
| STATE OF LOUISIANA, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a "Notice of Removal" filed by pro se Plaintiff Carl Wayne Stewart ("Stewart"). Stewart was granted leave to proceed *in forma pauperis*. (Doc. 5). Stewart purports to remove a criminal prosecution from the Tenth Judicial District Court, Natchitoches Parish, to this Court.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I.  Background

Stewart alleges that he was arrested on October 20, 2014, and his pets were seized by animal shelter employees. (Doc. 1, p. 2). Stewart contends he was unlawfully detained until December 8, 2014. (Doc. 1, p. 2). Stewart complains that his arraignment was set and reset numerous times. (Doc. 1, p. 4). Stewart claims that he was subjected to a false arrest and malicious prosecution in violation of the constitutions and laws of the United States and Louisiana. (Doc. 1, p. 4).

According to exhibits provided by Stewart, he was charged by bill of information with battery of a police officer, interference with an officer, resisting an officer, and cruelty to animals. (Doc. 1, p. 7).

II. Law and Analysis

    A. Stewart's complaint is subject to screening under § 1915(e)(2)(b).

Because he is proceeding *in forma pauperis*, Stewart's complaint is subject to screening under § 1915(e)(2)(b), which provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

    B. There is no jurisdictional basis for the removal of Stewart's state criminal proceeding to this District Court.

Title 28 U.S.C. § 1443 provides the jurisdictional basis for removal of a state civil action or criminal prosecution. The statute authorizes removal of such actions pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of

>   citizens of the United States, or of all persons within the jurisdiction thereof;
>
>   (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

A litigant removing a case under § 1443(1) must first show that the right he claims to have been denied arises under a federal law "providing for specific civil rights stated in terms of racial equality." Varney v. State of Georgia, 446 F.2d 1368, 1369 (5th Cir. 1971) (citing State of Georgia v. Rachel, 384 U.S. 780, 792 (1966)). He must then show that he cannot enforce that right in state court. See Rachel, 384 U.S. at 794-800; Williams v. State of Mississippi, 608 F.2d 1021, 1022 (5th Cir. 1979), cert. denied, 449 U.S. 804 (1980). A state civil action or criminal prosecution that does not violate a specific federal law protecting against racial discrimination is not subject to removal under § 1443(1).  See Johnson v. Mississippi, 421 U.S. 213, 227-28 (1975).

Because he does not allege the violation of an explicit federal statute or constitutional law protecting against racial discrimination, Stewart has failed to establish a basis for removal jurisdiction under § 1443(1). Consequently, federal removal jurisdiction under § 1443(1) is not proper. See State of Texas v. Gulf Water Benefaction Co., 679 F.2d 85, 86 (5th Cir. 1982) (finding conclusory allegations of First Amendment and due process violations insufficient to support § 1443 removal of ongoing state criminal prosecution); Burgett v. State of Texas, No. 7:04-CV-227, 2005 WL 473680, at *2 (N.D. Tex. Feb. 28, 2005).

3

Similarly, removal of this action under § 1443(2) is unavailable. The provisions of § 1443(2) are "limited to federal officers and those authorized to act for them or under them." Varney, 446 F.2d at 1369 (citing City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 814-15 (1966)). Stewart makes no claim that he is a federal officer or that he is acting on behalf of or under a federal officer.

To the extent that Stewart presents issues cognizable in a petition for writ of habeas corpus, he is free to seek relief in federal court. However, he must first exhaust his available state remedies. The exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982). To exhaust, a petitioner must fairly present all of his claims to the state's highest court. See Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993); Richardson v. Procunier, 762 F.2d 429 (5th Cir. 1985).

To the extent that Stewart seeks to presents allegations of civil rights violations, he would ordinarily be able to file a § 1983 action in this Court. However, Stewart previously filed a § 1983 claim in this Court regarding his arrest on October 20, 2014, which was dismissed as frivolous. Stewart v. Louisiana, No. 1:15-CV-01934, 2015 WL 5430245, at *1 (W.D. La. Sept. 14, 2015). The doctrine of res judicata provides that a final judgment on the merits of an action precludes the parties from relitigating claims that were or could have been raised in that action. See Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Thus, a new § 1983 suit regarding the same arrest would be barred by the doctrine of res judicata.

III. <u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that the captioned matter be DENIED and DISMISSED with prejudice under § 1915(e)(2)(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __13th__ day of January, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

5